COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-247-CR

                                                 NO.
2-09-248-CR

                                                 NO.
2-09-249-CR

                                                 NO.
2-09-250-CR

 

 

ALISIA CONSUELO
PADILLA                                                             APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

              FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------








Upon
her open pleas of guilty to two charges of intoxication manslaughter and two
charges of intoxication assault, each charged in a separate indictment, the
trial court found Appellant Alisia Consuelo Padilla guilty of those offenses
and assessed her punishment at sixteen years=
confinement for each intoxication manslaughter, with the sentences to be served
consecutively, and ten years=
confinement for each intoxication assault, with the sentences to be served
concurrently.  In her sole point,
Appellant contends that the trial court erred by sentencing her to a total of
thirty-two years= incarceration because the
sentences were grossly disproportionate when considered in light of other
sentences from the Second District of Texas for the same offenses and in light
of the facts and circumstances which constituted the offenses.  Because we hold that the trial court did not
abuse its discretion in assessing these sentences, we affirm the trial court=s
judgments.

On
February 29, 2008, Appellant attended her niece=s
birthday party at the American Legion Hall in South Fort Worth.  Appellant and her husband, Louis Reyes, left
the party around midnight.  They were
both so intoxicated that they had to be helped to their pickup.  Reyes was so intoxicated that he could not
drive, so Appellant, who was also quite intoxicated, decided to drive.  As she was driving out of the parking lot,
Appellant struck another vehicle, but its owner assured the couple that no
damage had been done to his vehicle.

Appellant
continued onto the roadway.  She ran a
red light at a high rate of speed, hitting another car driven by Cynthia
Revilla.  Revilla=s
friend Danielle Hooten and Hooten=s
son A.H. were also in the car.  Revilla
and Hooten were fatally injured in the accident.  The impact caused A.H., still in his car
seat, to be thrown from Revilla=s
car.  He was initially unconscious after
the wreck but was crying before he was taken to the hospital.








In
the same incident, Appellant also struck a vehicle being driven by Thomas
Vasquez.  Vasquez and his son, who was
also in the car, were injured, although not seriously.  Appellant and Reyes were also injured.

Appellant
admitted to police officers at the scene that she had been drinking that night,
and one officer testified at trial that he smelled an odor of alcohol coming
from inside Appellant=s truck.  Appellant was taken to the hospital where an
officer performed the horizontal gaze nystagmus test and observed six clues of
intoxication.  A blood test showed
Appellant=s
alcohol concentration level to be 0.24. 
Appellant was indicted for intoxication manslaughter for the deaths of
Revilla and Hooten and intoxication assault for the injuries suffered by Reyes
and A.H. 

This
court has previously explained our approach to issues complaining of grossly
disproportionate sentences:

Much
confusion exists concerning whether the Eighth Amendment contains a
proportionality guarantee prohibiting sentences that are grossly
disproportionate to the offense.  In
1983, in Solem v. Helm, the United States Supreme Court affirmatively
held that the Eighth Amendment prohibited Adisproportionate@ prison
sentences.  In Solem, the Supreme
Court . . . identified three criteria to be used to evaluate the
proportionality of a particular sentence. 
They are Athe gravity of the offense
and the harshness of the penalty; . . . the sentences imposed on other
criminals in the same jurisdiction; and . . . the sentences imposed for
commission of the same crime in other jurisdictions.@ 

 








In 1991, in Harmelin, the Supreme
Court called into question the continued viability of Solem. . . .  Justice Scalia, joined by Chief Justice
Rehnquist, addressed the appellant=s proportionality argument by holding that Solem
was Asimply wrong@ and argued that the
Eighth Amendment contains no proportionality guarantee in the non‑death‑penalty
context.  Justice[] Kennedy, joined by
Justices O=Connor and Souter,
concurred and reasoned that indeed the Eighth Amendment did encompass Aa narrow
proportionality principle@ that Aapplies to noncapital
sentences.@

 

Left to decipher whether, in the wake of Harmelin,
the Eighth Amendment did or did not prohibit disproportionate sentences in a
non‑death‑penalty context, the Fifth Circuit concluded [in McGruder
v. Puckett] that Adisproportionality
survives; Solem does not.@  The
Fifth Circuit applied a modified Solem test adopted by Justice Kennedy
in Harmelin.  That is, the court
initially made a threshold comparison of the gravity of the offense against the
severity of the sentence.  Only upon a
determination that the sentence is grossly disproportionate to the offense
would the court consider the remaining Solem factors.  

 

The majority of the Texas appellate courts
have followed and applied the Fifth Circuit=s McGruder analysis in addressing
Eighth Amendment proportionality complaints. 
We also adopt the McGruder proportionality analysis.

 

We first make a threshold comparison of the
gravity of the offense against the severity of the sentence.  We are to judge the gravity of the offense in
light of the harm caused or threatened to the victim or society, and the
culpability of the offender.[2]


 








Although
she was aware that she was intoxicated and, indeed, was unable to get out of
the parking lot without striking another vehicle, Appellant nevertheless drove
out of the parking lot and caused the deaths of Hooten and Revilla.  Appellant pled guilty and was convicted of
intoxication manslaughter in each of those two deaths.  Intoxication manslaughter is a second degree
felony with a range of confinement of two years to twenty years.[3]

In
addition to the two intoxication manslaughter offenses, Appellant also caused
serious bodily injury to her husband and A.H. as the result of her driving
while intoxicated.  Intoxication assault
is a third degree felony with a range of confinement of two years to ten years.[4]

As
the Harmelin court instructs us, the length of a criminal sentence is Apurely
a matter of legislative prerogative.@[5]  All four sentences imposed were within the
ranges of punishment established by the legislature.[6]  Although under ordinary circumstances, when a
defendant has been convicted of multiple offenses that have been properly
joined and prosecuted in a single trial, the sentences must run concurrently,[7]
the Texas Legislature amended section 3.03 of the penal code to permit the
trial court to order sentences to be served consecutively when








the
accused is found guilty of more than one offense arising out of the same
criminal episode . . . if each sentence is for a conviction of . . . an offense
. . . under section 49.07 or 49.08, regardless of whether the accused is
convicted of violations of the same section more than once or is convicted of
violations of both sections.[8]

 

That
is, although the trial court is not required to order the sentences be served
consecutively, the trial court has the authority, within its sound discretion,
to order consecutive sentences.  As the
State points out, to hold that the trial court erred in stacking the sentences,
this court would be required to hold that the trial court abused the discretion
granted to it by the legislature in amending section 3.03.[9]









The
record reflects that Appellant wanted to celebrate with her husband and niece
but was irresponsible and drank excessively. 
Appellant began drinking even before she arrived at the party, stopping
with her husband at a bar for a drink. 
When they decided to leave the party, Appellant and her husband were
both so thoroughly intoxicated that they had to be helped to their truck.  Nevertheless, Appellant decided to drive home
from the party.  Her husband was
obviously too intoxicated to drive. 
While leaving the parking lot, Appellant fishtailed and ran into a
parked truck.  The owner said the truck
was fine, so Appellant continued on her way. 
Not only should it have been clear to Appellant that she was too
intoxicated to operate a motor vehicle, it should have been equally apparent to
the people who had to help her and her husband to their truck and to the person
whose truck she struck.  Nevertheless,
the record does not reflect that Appellant reconsidered her decision to drive
or that anyone attempted to stop her from driving.

The
record also reveals that Appellant was driving approximately eighty miles per
hour on the frontage road of I-35 near Seminary Drive when she ran the red
light at the intersection of South Freeway (the northbound service road of
I-35) and Seminary Drive.  It was when
she ran this red light and crashed her truck into Revilla=s
car, which was crossing the intersection on a green light, that Appellant
caused the deaths of Revilla and Hooten. 
The force of the impact caused A.H. and the car seat he was in to be
thrown from the car.  Appellant also hit
the Vasquezes= car
in this intersection.  Like Revilla,
Vasquez was also driving through the intersection on a green light.  Vasquez=s
son was a passenger in the car.  The Vasquezes
were slightly injured in the collision. 

In
light of the harm Appellant causedCkilling
two people, seriously injuring two people, including a small child, and
slightly injuring two others, and her behavior before, during, and after the
party, including her decision to drive out of the parking lot even after
hitting a parked vehicle, we hold that her sentences, a total of thirty-two
years=
confinement, are not so grossly disproportionate that they violate the Eighth
Amendment individually or collectively. 
We therefore hold that the trial court did not abuse its discretion in
sentencing Appellant or in stacking the intoxication manslaughter sentences.

We
overrule Appellant=s sole point and affirm the
trial court=s
judgments.








 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL:  DAUPHINOT, WALKER, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 24, 2010











[1]See Tex. R. App. P. 47.4.





[2]Moore v. State, 54 S.W.3d 529, 541B42 (Tex. App.CFort Worth 2001, pet.
ref=d) (citations
omitted).





[3]Tex. Penal Code Ann. '' 12.33(a),
49.08(b) (Vernon Supp. 2009).





[4]Id. '' 12.34(a), 49.07(c).





[5]Harmelin v. Michigan, 501 U.S. 957, 962,
111 S. Ct. 2680, 2684 (1991).





[6]See Tex. Penal Code Ann.
'' 12.33(a),
12.34(a), 49.07(c), 49.08(b).





[7]Id. ' 3.03(a).





[8]Id. ' 3.03(b)(1).





[9]See id. ' 3.03.